BUCHANAN COUNTY (UNITED STATES ex rel. HUIDEKOPER v.). See Case No. 14,679.

BUCHER (WILLIS v.). See Case No. 17,769.

## Case No. 2,076.

### In re BUCHSTEIN.

[9 Ben. 215;[1] 17 N. B. R. 1.]

District Court, S. D. New York. Sept. 4, 1877.

BANKRUPTCY—DISCHARGE INADVERTENTLY GRANTED—MOTION TO VACATE.

On the 8th of February, a discharge was inadvertently granted to a bankrupt, although specifications in opposition had been filed. No ruling was made on the specifications and no trial on them was had. Afterwards, on the faith of the discharge, the bankrupt borrowed money, and with it went into a new business, as a partner with two other persons, and contracted many new debts, both as a member of the firm and individually. On the 29th of June following the discharge, the creditors who filed the specifications moved to vacate the discharge, alleging that the fact of the discharge did not become known to them or their solicitor till the 23d of June. No proceeding was taken in time to review in the circuit court the granting of the discharge: *Held,* that the motion must be denied.

[In bankruptcy. Motion by a creditor of Emanuel Buchstein, a bankrupt, to vacate the discharge. Denied.]

D. M. Porter, for creditor.

A. J. Dittenhoefer and M. H. Regensburger, for bankrupt.

BLATCHFORD, District Judge. In this case a creditor filed specifications against the discharge. The papers came before the judge, but the specifications were overlooked, and no trial was ordered or had upon them, and, on 8th of February, 1877, a discharge was granted. On the next day the bankrupt was notified of his discharge, and informed his counsel of it, and of the fact that certain of his friends were ready and willing to assist him to enter into business again, and his counsel advised him that the discharge had freed him from all his prior obligations and debts, and that he could safely enter into business, and that his friends could safely loan him money for that purpose. Thereafter, and on the faith of the discharge, and on such advice of counsel communicated by the bankrupt to his friends, he received loans of money from them to enter into business; and, on or about the 31st of March, 1877, entered, with such assistance, into copartnership with two other persons, to make compressed yeast, at Mount Vernon, N. Y. Since that time such business has been carried on, and the bankrupt has contracted many new debts as a member of such firm and individually. The bankrupt makes oath that all his proceedings in procuring his discharge were in good

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

faith; that the new obligations entered into by him were entered into in the belief that his discharge was irrevocable, except for fraud in procuring it; that the fact of his discharge was known to many of his creditors, and to most of his friends and acquaintances; that the fact that he intended to go into said business and did go into it was also well known; and that he entered into the same publicly, and the firm, under its copartnership name, has carried on said business publicly since said time.

A motion is now made in behalf of the creditor who filed the specifications, to set aside the discharge, or declare it null and void, because it was granted without a trial on the specifications. The application is founded not on a petition by the creditor, but solely on an affidavit made by his solicitor, setting forth, that up to the 23d of June, 1877, such solicitor had no knowledge, information or belief that any discharge had been granted to the bankrupt; that on that day the counsel for the bankrupt stated to such solicitor that the bankrupt had been discharged; that such solicitor had no notice that the specifications were to be presented to the court; that he is informed that the creditor whom he represents did not know of the discharge; that the bankrupt and his counsel knew of the filing of the specifications and of their contents; and that the discharge was erroneously and irregularly granted, because the specifications were overlooked by the judge, and there ought to have been a trial on them before the granting of the discharge. No fraud or deceit on the part of any one is alleged. After the specifications were filed, and before the discharge was granted, the counsel for the bankrupt informed him that the specifications were, in their opinion, too vague, indefinite and general, and the court would not order a trial upon them.

Assuming the specifications to have been triable, the error or irregularity in granting a discharge was one which was the subject of review by the circuit court. Under the rule of the circuit court in force when the discharge was granted, proceedings for a review were required to be taken within ten days after the granting of the discharge. No such proceedings were taken. Moreover, the opposing creditor has been guilty of laches. The discharge was granted February 8th, and the papers for this application were not served till June 29th following. It was as open to the creditor as it was to the bankrupt to learn what was being done in respect to the application for a discharge —whether the papers had been sent to the court by the register or not, and, if sent, whether a trial had been ordered or not. It may very well be, that, if this application had been made promptly after the discharge was granted, and before the bankrupt had acted on his discharge in the manner above set forth, the court would have exercised

the power of setting aside the discharge for the purpose of having a trial on the specifications. But, under the circumstances of the case, this ought not now to be done. It makes no difference that the creditor and his solicitor may not have actually known of the granting of the discharge until the 23d of June. The operation of the delay is as injurious towards the bankrupt as if the delay had been in fact intentional. The means of knowledge in the public records of the court and of the register were open to the creditor, and it is not asserted that any inquiry was made. The motion is denied.